UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORUS SMITH, | No. 2:15-cv-1252 TLN CKD P |
| Petitioner, | |
| v. | ORDER AND |
| ERIC ARNOLD, WARDEN, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to relief. . ." The court has conducted the review required under Rule 4.

In his petition, petitioner seeks "expungement" of his prison disciplinary record, including eight "Rules Violation Reports," as he believes such relief will improve his chances of obtaining parole. However, petitioner fails to point to anything suggesting that any information currently

1

contained in his prison disciplinary record amounts to a violation of any right arising under federal law.  Put another way, petitioner does not assert his disciplinary record is inaccurate, he just takes issue with the fact that it is being used as a basis to deny petitioner parole.  Because petitioner has no federal right[1] to not have his prison disciplinary record considered at parole proceedings,[2] his petition for writ of habeas corpus should be summarily dismissed.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 7) is granted; and

IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or

/////
/////
/////
/////
/////

---

[1] An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States, not state law.  28 U.S.C. § 2254(a).

[2] Petitioner has a liberty interest in parole protected by the Due Process Clause of the Fourteenth Amendment.  Swarthout v. Cooke, 131 S. Ct. 859, 861-62 (2011).  However, the procedural protections which must be afforded with respect to the liberty interest implicated are minimal; the "Constitution does not require more" than "an opportunity to be heard" at a parole hearing and that the potential parolee be "provided a statement of the reasons why parole was denied."  Id. at 862.

deny a certificate of appealability when it enters a final order adverse to the applicant).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 13, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rami1037.dis

3